JOSEPH MOORE

v.

THE PEOPLE, etc.

1. BASTARDY—CROSS-EXAMINATION.—Where, in a complaint for bastardy, counsel on cross-examination proposed to inquire where complainant went, dined and passed the remainder of the day on which she said her child was begotten, and after that act, with a view to show that she had given different accounts of those matters. *Held*, that such proposed inquiry was properly excluded.

2. EVIDENCE.—Where a witness was permitted to testify that on the day of the preliminary examination, the defendant, speaking of the case, told him that " if they had come up and seen him, he would have had it settled and not exposed to the community," and that defendant's mother in his presence then said the same. *Held*. that as this was not an offer by way of compromise nor the recital of one as having been made, but was a voluntary statement to a stranger after the prosecution had been commenced and the time for suppression had passed, it was proper to go to the jury for what it was worth.

3. INSTALLMENTS PAYABLE TO CLERK.—A judgment order entered which required that the condition of the bond to be given by the defendant for the support of the child should make the installments payable to the county judge, was error. The installments should be paid to the clerk of the court as now required. (Section 2, Bastardy Act.)

APPEAL from the Circuit Court of Ogle county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed July 27, 1883.

Mr. J. C. CARVER and Mr. FRANC BACON, for appellant; that in case of fraud, courts allow a rigid cross-examination, cited Brosseau v. Warren, 6 Bradwell, 450; 2 Best on Evidence, §§ 654, 655; Shaw v. The People, 81 Ill. 150.

The compromising of a bastardy suit is no evidence of guilt: Martin v. The State, 62 Ala. 119.

As to instructions: Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402; Frame v. Badger, 79 Ill. 441.

Mr. W. W. SWETT and Mr. E. F. DUTCHER, for appellee; that in a case of bastardy the mistake of the day of the month by the plaintiff is not material, cited Holcomb v. The People, 79 Ill. 409.

As to admissions of a party in interest as evidence: Straubher v. Mohler, 80 Ill. 21.

PLEASANTS, J. This was a complaint for bastardy, and of its kind not at all singular in that the only witnesses who knew the truth in respect to the main fact in issue and its immediate circumstances were the complainant and defendant, and that they flatly contradicted each other, and that the jury believed the complainant.

Her examination in chief was limited to the facts that she had never been married, was the mother of the child then in her arms, which was born Dec. 28, 1880, and that defendant was its father.

The particulars having been brought out on cross-examination, counsel proposed to inquire where she went, dined and passed the remainder of the day on which she said it was begotten, and after that act, with a view to show that she had given different accounts of those matters; this the court upon objection excluded, which is the first error assigned.

These subjects were not involved in the examination in chief, nor in any sense material to the issue. Her answers as to statements previously made in relation to them could not be contradicted to impeach her veracity, nor was there any occasion to test her memory as to the principal fact. There was no possibility of mistake concerning that through weakness of memory. So that nothing important could come of the proposed inquiry, and it was properly excluded.

The witness Morris was permitted to testify that on the day of the preliminary examination the defendant, speaking of this case, told him that " If they had come up and seen him, he would have had it settled and not exposed to the com-

munity"; and that defendant's mother, in his presence, then said the same. Counsel assert with great confidence that its admission was a grave error, but fail to state why, unless there is an intimation, by no means clear, that it was an offer by way of compromise. We do not understand it as either an offer then made, or the recital of one as having been made. It was a voluntary statement by the defendant, relating to this charge, not to the complainant, nor importing that it had been made to her or to any one acting for her, but to a stranger, after the prosecution had been commenced and the time for suppression had passed; and therefore was proper to go to the jury for what it was worth.

It appeared that upon the trial in the county court this witness testified that on the day after the conversation above referred to, he said to defendant's mother, "There were two or three in the scrape, from what he heard from the little girls in the family"; in reference to which the court on this trial instructed the jury that if he said, "As near as he could learn from the little girls, two or three others were mixed up in it," such statement was not evidence tending to prove that any other person than the defendant was, in fact, the father of the child. Counsel complains that by interpolating the word "others," the instruction misstated the evidence, to the prejudice of the defendant, and usurped the power of the jury to determine what the actual statement of Morris proved.

It is apparent upon inspection that this is a misconception as to both points. The instruction merely tells the jury that if such was the statement, it was no evidence of the fact mentioned; and it would have been no less sound and proper, in reference to the statement which counsel claims the witness did make. What he learned from the little girls—and if possible, more clearly, what he stated to defendant's mother that he so learned—would be no evidence of any fact involved in this case. We can not see how the instruction could prejudice the defendant. The matter was introduced by defendant himself, and improperly, because it did not bear upon the credibility of the witness, nor was it a part of the conversation called out by the direct examination.

It is also urged that the court erred in excluding certain evidence offered to show that complainant's sister was mistaken or inconsistent about an immaterial and trivial fact, and that complainant drank intoxicating liquor at the time of the former trial, and associated with other men about the time she claimed the child was begotten. We think that all of this, as offered, might properly have been excluded, but so much of it as related to complainant's conduct and association, and was or could be at all material, was afterward and otherwise fully placed before the jury.

We find no serious error in any of the rulings of the court during the trial, but there is one in the judgment order entered, which provided that the condition of the bond required to be given by the defendant for the support of the child, should make the installments payable to the county judge, as formerly, and not to the clerk, as now required. Sec. 2 of the Bastardy Act.

For this error the judgment is reversed in this particular, and the cause remanded with directions to the circuit court to enter a judgment in conformity with the provisions of the statute. Practice Act, sec. 82; White v. The People, 81 Ill. 333. In all o'her respects the judgment is affirmed, and the costs of this court will be taxed against appellant.

Reversed in part and remanded with directions.